# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAYNE ARNETT,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Respondent. | 1:06-cv-00532-OWW-TAG  HC<br><br>ORDER TRANSFERRING PETITION TO<br>CENTRAL DISTRICT OF CALIFORNIA |

Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 3, 2006, Petitioner filed a petition for writ of habeas corpus in this Court.  (Doc. 1).  In that petition, Petitioner, who at the time was being temporarily housed in the Fresno County Jail but was permanently assigned to the United States Penitentiary, Lompoc, California, contended that Respondent was going to transfer him to the United States Prison, Victorville, California, without considering appropriate factors that, in Petitioner's view, should have resulted in his continued confinement at the Lompoc facility.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

1   A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or
2   duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485, 93. S.Ct. 1827 (1973);
3   Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.
4   1990); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979).  In contrast, a civil rights action
5   pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or proceeding on a Bivens[1]
6   theory where the defendants are federal actors, is the proper method for a prisoner to challenge
7   the **conditions** of that confinement.  See  McCarthy v. Bronson, 500 U.S. 136, 141-142 , 111
8   S.Ct. 1737 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.
9   In Rumsfeld v. Padilla, 542 U.S. 426, 124 S.Ct. 2711 (2004), the United States Supreme
10  Court clarified the law pertaining to which district court had jurisdiction over petitions filed
11  under § 2241:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. Ibid. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885)(emphasis added); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing Wales, supra, at 574, 5 S.Ct. 1050); Braden, supra, at 495, 93 S.Ct. 1123 (" '[T]his writ ... is directed to ... [the] jailer,' " quoting In re Jackson, 15 Mich. 417, 439-440 (1867)).

21  Id. at 434-435.
22  At the time of the filing of this petition, Petitioner, although temporarily housed in the
23  Fresno County Jail, was permanently incarcerated in the federal facility at Lompoc.  As such, the
24  warden of that facility is the proper custodian of Petitioner and the proper respondent in this case.
25  Moreover, Petitioner  is challenging his transfer to the Victorville facility.  Neither of these
26  facilities lies within the jurisdiction of the Eastern District of California; rather, both are within

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971).

2

the jurisdiction of the United States District Court for the Central District of California.  Indeed, the only connection Petitioner has to this Court is that he was convicted and sentenced in this District and was temporarily housed here at the time he filed his petition. However, Petitioner is not challenging his conviction or sentence.

As the Supreme Court has indicated, there is only one district court with habeas jurisdiction in this case, and that would be the district court within whose jurisdiction Petitioner is confined.  Padilla, 542 U.S. at 434-435.  In this case, that would be the United States District Court for the Central District of California.  Hence, the matter should be transferred, pursuant to 28 U.S.C. § 1406(a), to that District Court.

## ORDER

Accordingly, it is HEREBY ORDERED that the Clerk of the Court transfer this case to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **December 14, 2007**                           **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE